**Perez v Anejo, LLC**

2024 NY Slip Op 31295(U)

April 15, 2024

Supreme Court, New York County

Docket Number: Index No. 150980/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**      PART      47

*Justice*

--------------------------------------------------------------------------------X

AMANDO PEREZ,

Plaintiff,

- v -

ANEJO, LLC, ANEJO TRIBECA, LLC, DAVID FEIT,
ANGELO SOSA, JOHN PAUL VALENTI, JOHN A. DIEHL,
RICARDO CAMACHO, CHARLIE DOE

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150980/2020 |
| MOTION DATE | 01/17/2024 |
| MOTION SEQ. NO. | 012 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 012) 257, 258, 259, 260, 261, 262, 263

were read on this motion to/for      <u>MISCELLANEOUS</u> .

    In this class action, brought on behalf of restaurant workers who were employed by defendant, commenced to recover, *inter alia*, unpaid minimum wages, plaintiffs move unopposed for final approval of the parties' settlement agreement. After engaging in numerous mediation sessions and settlement negotiations, the parties executed a settlement and release agreement on August 4, 2023 to resolve the case for $240,000 (NYSCEF Doc No 260). By decision and order dated December 1, 2023, the court preliminarily approved the settlement, conditionally certified the settlement class, and the proposed notice of settlement (NYSCEF Doc No 256). Pursuant to the December 1, 2023 order, plaintiffs' counsel caused a claims administrator to mail the notice of settlement to each of the 319 class members for whom contact details had been provided by defendants. Approximately 283 received notice and 36 class members may not have received notices. No class members opted out of or objected to the settlement. Plaintiffs now seek final approval of the proposed settlement agreement.

150980/2020   PEREZ, AMANDO vs. ANEJO, LLC      **Page 1 of 5**
Motion No. 012

1 of 5

Pursuant to CPLR § 908, court approval is required for any compromise of a class action. A court may approve the settlement of a class action only if the proposed settlement is fair, adequate, reasonable and in the best interest of class members (*Gordon v Verizon Commcs.*, 148 AD3d 146, 156 [1st Dept 2017]). This review must consider the following factors: the likelihood of success, the extent of support from the parties, the judgment of counsel, the presence of bargaining in good faith, and the nature of the issues of law and fact (*id.*, citing *In re Cold Indus Shareholder Litig. v Cold Indus.*, 155 AD2d 154, 160 [1st Dept 1990]). Approval is appropriate when "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval" (*In re Initial Pub. Offerings Sec. Litig.*, 226 FRD 186, 191 [SDNY 2005]).

Here, the parties, through experienced and competent counsel, engaged in extensive litigation and arms-length negotiations before arriving at this proposed settlement. The final settlement fund will provide the significant benefit of immediate payment to impacted class members. Further, continued litigation in this matter poses significant risks to the class in establishing both liability and damages, and resolution would depend on the determination of complex factual and legal issues. All parties fully support the settlement and plaintiffs' counsel recommends approval based upon their experience and detailed knowledge of the strengths and weaknesses of the case. Finally, though 36 class members may not have received notice, "[i]t is widely recognized that for the due process standard to be met it is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected," and counsel did act reasonably in mailing the notice as directed by the court's December 1, 2023 order (*In re Prudential Securities Inc. Ltd. Partnerships Litig.*, 164

**150980/2020   PEREZ, AMANDO vs. ANEJO, LLC**
**Motion No.  012**

**Page 2 of 5**

2 of 5

[* 2]

FRD 362, 368 [SDNY 1996] [citing *Weigner v The City of New York*, 852 F2d 646, 649 [2d Cir 1988]]).

Awards, Fees, and Costs

Counsel for the class seeks an award of $80,000 in fees, which constitutes one third of the gross settlement fund, plus $10,232.39 in costs. Pursuant to CPLR § 909, fees are awarded "based on the reasonable value of legal services rendered." The fees sought are reasonable in light of the ultimate benefit to the class, the complexity of the facts and law, the amount of time spent litigating and settling this action, and that the case was taken on a contingency fee basis (*Gilliam v Addicts Rehab. Ctr. Fund*, 2008 U.S. Dist. LEXIS 23016, 5 [SDNY 2008] [granting one-third of the settlement fund]; *Sheridan v Police Pension Fund, Art. 2*, 76 AD2d 800 [1st Dept 1980] [factors to consider include risks of litigation, standing of counsel, complexity of the case, and amount recovered]).

The service award of $12,500 to the named plaintiff is reasonable, given the risk he undertook in bringing this action on behalf of the class, as well as the significant amount of time he invested by providing detailed factual information and relevant documents, participating in litigation and mediation, and assisting in the settlement process (*Hernandez v Merrill Lynch & Co., Inc.*, 2013 U.S. Dist. LEXIS 42681 [SDNY 2013] [approving service awards of $15,000 and $12,500 to class representatives in wage and hour action]; *Silva v Little Fish Corp.*, 2012 U.S. Dist. LEXIS 89485, *8 [SDNY 2012] [approving $15,000 service fee based on plaintiff's efforts on behalf of the class]).

Finally, the claims administrator fee of $28,500 is reasonable in light of the logistical support that has been and will continue to be undertaken, including calculating class liability, serving notice of settlement to class members, corresponding with counsel regarding results,

**150980/2020   PEREZ, AMANDO vs. ANEJO, LLC**
 **Motion No.  012**

**Page 3 of 5**

3 of 5

mailing settlement checks, and finalizing all matters related to settlement (*Mills v Capital One*, 2015 U.S. Dist. LEXIS 133530, *48 [SDNY 2015] ["No class member objected to the fee [] sought by the claims administrator of $23,000 [which] is reasonable and is approved"]; *Henry v Little Mint, Inc.*, 2014 U.S. Dist. LEXIS 72574, *4 [SDNY 2014] [approving administrator fee of $34,000]; *Sali v Zwanger & Pesiri Radiology Group, LLP*, 2022 U.S. Dist. LEXIS 48699, *39 [EDNY 2022] ["the Court notes from experience that the cost of sending notice and administering the claims could well exceed $20,000"]).

Accordingly, it is

ORDERED that the motion for final approval of the settlement is granted and the settlement is approved based on the determination that the settlement as set forth in the settlement agreement is fair and reasonable; and it is further

ORDERED that the class members and named plaintiffs release all claims against defendant relating to the class action as set forth in the settlement agreement; and it is further

ORDERED that class counsel's attorneys' fees and costs in the amount of $90,232.39 is approved and awarded to class counsel, service fee of $12,500 for the named plaintiff is approved and awarded to him, and the claims administration fee in the amount of $28,500 is approved and awarded to the claims administrator; and it is further

ORDERED that the court retains jurisdiction over this action for the purposes of enforcing the settlement agreement, and the parties shall abide by all the terms of the settlement agreement which are incorporated herein; and it is further

ORDERED that the case is dismissed with prejudice according to the terms of the

**150980/2020   PEREZ, AMANDO vs. ANEJO, LLC**
**Motion No.  012**

**Page 4 of 5**

4 of 5

settlement agreement and the Clerk shall enter judgment accordingly.

202404151540018PG0ETZ1C75DB295C38F49E3629EDB7E8E51BEAE

__4/15/2024__
**DATE**

**PAUL A. GOETZ, J.S.C.**

| | | | | | | |
|---|---|---|---|---|---|---|
| **CHECK ONE:** | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**150980/2020   PEREZ, AMANDO vs. ANEJO, LLC**
**Motion No.  012**

Page 5 of 5

[* 5]